IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-80-1-F
No. 7:11-CV-63-F

| | |
|---|---|
| COURTNEY JACKSON BUTTS, III, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court for initial consideration of Courtney Jackson Butts, III's ("Butts") "Motion to Vacate, Set Aside or Correct his Sentence" pursuant to 28 U.S.C. § 2255 [DE-77], deemed timely filed on March 17, 2011.[1] Rule 4, RULES GOVERNING § 2255 PROCEEDINGS, provides:

> **(b) Initial consideration by judge.** . . . If it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

On November 9, 2009, Butts pled guilty pursuant to his plea agreement [DE-34] with the Government to conspiracy to possess with the intent to distribute more than 50 grams of cocaine base (crack) charged in Count One of a five-count superseding indictment [DE-28]. Among the terms of that agreement were Butts' appeal and collateral attack waivers, excepting those based on ineffective assistance of counsel or prosecutorial misconduct not known to him prior to entry of his guilty plea; the Government agreed to dismiss Counts Two, Three, Four and Five. After two continuances, Butts' sentencing hearing was conducted on March 23, 2010.

---

[1] Butts' initial § 2255 motion was postmarked March 17, 2011. See [DE-43]. That initial motion did not comply with this district court's local rules. Butts' conforming § 2255 motion [DE-47] was postmarked April 22, 2011, which date was within the compliance period allowed by the court. See Order [DE-46]. Although the earlier date is used to determine compliance with the statute of limitations, the later (conforming) motion is the substantive basis for this action.

Based, *inter alia*, on the facts Butts admitted at his arraignment in support of his plea of guilty to Count One, his record of prior convictions (which the court noted at the hearing as including four prior felony cocaine trafficking convictions), his status as a career offender by virtue of those prior convictions, and his acceptance of responsibility, the court calculated Butts' advisory United States Sentencing Guidelines ("USSG") range to be 292 to 365 months. Although Butts objected to inclusion of certain facts in his Presentence Report related to the calculation of drug weight, he withdrew that objection when the Government, at sentencing, moved for a downward departure from the advisory USSG range, in recognition of Butts' substantial assistance pursuant to USSG § 5K1.1. The case agent testified to facts underlying that motion.

Observing that Butts was a lifetime drug dealer and that his state probation had been revoked on numerous occasions, and further noting his virtually non-existent work history, the undersigned nevertheless allowed the Government's motion for downward departure and imposed a sentence of 246 months, well below the bottom of the advisory USSG range.

In conformity with the terms of his plea agreement, Butts did not appeal his sentence.[2] However, as noted above, he timely filed the instant motion for § 2255 relief on March 17, 2011. Therein, Butts raises five primary claims and several additional claims, each phrased as alleging ineffective assistance of counsel. These claims are that his trial counsel rendered ineffective assistance by:

**One**: failing to investigate the convictions underlying the career offender designation;

**Two**: failing to object to the Government's breach of the plea agreement by virtue of the Probation Officer's using immunized statements with which to raise his base offense level by:

---

[2] Because Butts did not file a direct appeal, an official transcript has not been prepared of the arraignment and sentencing hearings. The undersigned, however, keeps contemporaneous notes of such hearings, and has consulted those notes, as well as its independent recollection, in conducting the Rule 4 inquiry herein.

<u>Two A</u>: failing to explain significance of appeal and collateral attack waivers; and

<u>Two B</u>: advising him erroneously to induce his acceptance of the plea agreement;

**Three**: allowing an incorrect determination of drug quantity by:

<u>Three A</u>: failing to object to false information in the Presentence Report; and

<u>Three B</u>: failing to object to the lack of evidence corroborating testimony of confidential informant;

**Four**: failing to mitigate relevant conduct calculations by:

<u>Four A</u>: failing to contest drug quantity; and

<u>Four B</u>: failing to object to drug quantity "outside the scope of my plea agreement"; and

<u>Four C</u>: failing to conduct any pre-plea investigation and or inform him of relevant conduct in his plea agreement;

**Five**: engaging in business negotiations with potential co-conspirators, thus creating a conflict of interest.

An ineffective assistance claim is governed, of course, by the Supreme Court's seminal decision in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* explains that a prisoner alleging constitutionally ineffective assistance must show both (1) deficient performance, *i.e.*, "that counsel's representation fell below an objective standard of reasonableness," *id.* at 688, as well as (2) resulting prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. These two requirements—deficient performance plus prejudice – commonly are referred to as *Strickland's* "performance" and "prejudice" prongs.

While an ineffective assistance claim must satisfy both *Strickland* prongs, the Supreme Court recommends that, when possible, the prejudice prong should be first addressed. *Strickland* itself explained that there is no need "to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. Specifically,

> a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Id.*

The court has carefully considered each of Butts' five claims as well as his sub-claims in light of the record, the controlling law, this court's own contemporaneous notes, and the court's independent recollection of the case. Having done so, the court is confident that Butts cannot meet his burden to show that he suffered *Strickland* "prejudice." The only one of his claims that merits discussion is Claim Five in which he contends his trial counsel's conflict of interest violated his constitutional right to effective assistance of counsel.

The record reveals that Butts' first appointed attorney, Mr. Hosford, filed a motion for leave to withdraw [DE-22] about a month after Butts' detention hearing. Hosford indicated in his motion that he had discovered a conflict of interest that forced him to seek leave to withdraw. The court allowed Hosford's motion to withdraw by order of August 19, 2009 [DE-23], and directed that substitute counsel be appointed. Mr. Webb filed his notice of appearance only days later. *See* [DE-24]. Shortly thereafter, the Government filed a superseding indictment [DE-28]. Butts' arraignment on his plea of guilty to Count One of that indictment occurred more than two months after Mr. Hosford had withdrawn from the case and Mr. Webb had been substituted. Indeed, Butts' sentence was lower than it otherwise would have been had he not substantially assisted the Government.[3]

For the foregoing reasons, the undersigned finds that "it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not

---

[3] The court's contemporaneous notes of Butts' sentencing hearing indicates that the undersigned specifically advised the parties that, had the Government not made the § 5K1.1 motion, the court had intended to sentence Butts in the middle of his advisory USSG range of 292 to 365 months.

entitled to relief[.]" Rule 4(b), FED. RULES GOVERNING § 2255 PROCEEDINGS. The court, therefore, is required to dismiss the instant motion. *See id.* Accordingly, it is ORDERED that Butts' § 2255 motion [DE-43/47] is DISMISSED and the Clerk of Court is DIRECTED to so notify Butts.

*Certificate of Appealability Denied*

The court finds that Butts has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. 2253(c)(2), because reasonable jurists could not debate whether (or agree that) his petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability, therefore, is DENIED.

SO ORDERED.

This, the 27th day of April, 2011.

_____
JAMES C. FOX
Senior United States District Judge