IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-80-1-F
No. 7:11-CV-63-F

| | |
|---|---|
| COURTNEY JACKSON BUTTS, III, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on Courtney Butts' ["Butts"] Motion to Alter or Amend Court Order and/or Judgment [DE-50]. Therein, Butts contends this court overlooked or misapprehended aspects of his § 2255 motion in ordering the dismissal of that motion pursuant to Rule 4, RULES GOVERNING § 2255 PROCEEDINGS. *See* Order [DE-48].

First, Butts contends that he should not have been sentenced as a Career Offender under U.S.S.G. § 4A1.2. He is mistaken. He has three eligible prior convictions. The December 8, 1998, conviction is countable under U.S.S.G. § 4A1.2(e)(2) ("any other prior sentence that was imposed within ten years of the defendant's *commencement* of the instant offense is counted").[1] For that conviction, he earned two criminal history points pursuant to U.S.S.G. § 4A1.1(b). *See* PSR ¶ 14. The June 23, 2000, convictions, *see* PSR ¶ 15, and the December 14, 2006, convictions, *see* PSR, ¶ 16 are countable for the same reason. Butts received one criminal history point for each of those convictions pursuant to U.S.S.G. § 4A1.1(c). The felony drug convictions reported at PSR ¶ 13 were too old to be counted. In short, Butts' Career Offender status was calculated correctly.

---

[1] Butts pled guilty to a conspiracy that commenced in "late 2007 and continued until March 7, 2009."

Second, Butts's contention that the Government breached the Plea Agreement [DE-34] by using his protected statements to increase his drug quantity also is incorrect. The statements about which he complains were made by Marcellus Fennell, *see* Motion at ¶ 3, p. 4, not by Butts. The Government did *not* agree that it would not use "information obtained after petitioner signed his plea agreement to add additional drug amount to increase petitioner's drug amount." *Id.* at ¶ 2, p. 4.

Third, Butts is mistaken in his belief that drug quantities attributable to him prior to the conspiracy dates alleged in the Indictment cannot be included in the total drug weight for which he is held accountable. Such quantities may have been included as Relevant Conduct; the dates in the Superseding Indictment [DE-28] are the dates of the alleged Offense Conduct.

The court has reviewed the remainder of Butts's contentions in his Motion to Alter or Amend, but perceives no grounds for relief. Accordingly, for the foregoing reasons and those stated in the order of April 27, 2011 [DE-48], Butts's Motion to Alter or Amend Court Order and/or Judgment [DE-50] is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 15th day of July, 2011.

JAMES C. FOX
Senior United States District Judge

2

Case 7:09-cr-00080-F  Document 51  Filed 07/15/11  Page 2 of 2